# 2002 DTA 128

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL III**

CARLOS LOPEZ NIEVES, EN SU CAPACIDAD DE PROCURADOR DEL CIUDADANO
Peticionario

v.

RAMON CANTERO FRAU, EN SU CAPACIDAD DE PRESIDENTE DE LA JUNTA DE DIRECTORES DE LA COMPAÑIA DE TURISMO; MILTON SEGARRA PANCORBO, EN SU CAPACIDAD DE DIRECTOR EJECUTIVO DE LA COMPAÑIA DE TURISMO; HERMENEGILDO ORTIZ QUIÑONES, EN SU CAPACIDAD DE PRESIDENTE DE LA JUNTA DE PLANIFICACION
Recurridos

Núm. KLCE-2002-00435

San Juan, Puerto Rico, a 21 de agosto de 2002

Panel integrado por su Presidente, Juez Ortiz Carrión y los Jueces Segarra Olivero y Negroni Cintrón

Segarra Olivero, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Carlos López Nieves, en su capacidad de Procurador del Ciudadano, en adelante el Procurador, nos solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual se declaró sin lugar su solicitud para que se le ordenara a los recurridos de epígrafe a comparecer a una vista ejecutiva pública.

Por los fundamentos que más adelante exponemos, dejamos sin efecto la orden de mostrar causa y denegamos la expedición del auto solicitado.

**I**

El 31 de enero de 2002, el Procurador citó a Ramón Cantero Frau, en su capacidad de Presidente de la Junta de Directores de la Compañía de Turismo; a Milton Segarra Pancorbo, en su capacidad de Director Ejecutivo de la Compañía de Turismo; y a Hermenegildo Ortiz Quiñones, en su capacidad de Presidente de la Junta de Planificación, -en adelante nos referiremos a éstos conjuntamente como los recurridos-, a una vista ejecutiva pública a celebrarse en la Oficina del Procurador. Dicha vista fue señalada con el propósito de investigar los actos administrativos relacionados con la solicitud de expropiación presentada ante la Compañía de Turismo por el Sr. Wilfredo Rodríguez (señor Rodríguez), dueño del Diamond Palace Hotel & Casino. El señor Rodríguez interesaba que la Compañía de Turismo adquiriera unos terrenos aledaños al Hotel, que en la actualidad se utilizan como estacionamiento, con el fin de garantizar la continuidad de la operación de dicha empresa y la futura expansión de la misma, lo que alegadamente contribuiría a la economía de Puerto Rico.

La Compañía de Turismo concluyó que no existía un fin público que justificara la expropiación ▮ y, en su consecuencia, denegó dicha solicitud.

El 5 de febrero de 2002, el Procurador les envió a los recurridos un recordatorio de la citación a la vista.

Los señores Cantero Frau y Segarra Pancorbo indicaron por escrito que no acudirían a la vista en cuestión, pues entendían que el Procurador no tenía jurisdicción para investigar la acción tomada por la Compañía de Turismo respecto a la expropiación del solar. No obstante lo anterior, le explicaron al Procurador

detalladamente, por escrito, cuáles habían sido las razones que motivaron la denegatoria de la solicitud de expropiación. Insatisfecho, el Procurador requirió nuevamente su comparecencia a la vista.

Así las cosas, el 12 de febrero de 2002, el Procurador presentó ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una orden de citación de testigos. Los recurridos se opusieron a la misma.

El 12 de marzo de 2002, el Tribunal *a quo* emitió la resolución de la cual se recure ante nos, mediante la cual declaró sin lugar la solicitud de orden presentada por el Procurador, quien solicitó, sin éxito, la reconsideración del dictamen. Inconforme, acude ante nos mediante el presente recurso de *certiorari* en el que sostiene que erró el Foro *a quo* al resolver que:

*"1. ...no es jurisdicción de la Oficina del Procurador del Ciudadano investigar los actos administrativos de las agencias recurridas.*

*2. ...la Oficina del Procurador del Ciudadano no puede entender en un proceso administrativo que no ha culminado."*

Posteriormente, este Tribunal le concedió un término a los recurridos para que mostraran causa por la cual no debía expedirse el auto solicitado. Las partes han comparecido. Nos encontramos en posición de resolver.

## II

Debemos, en primer lugar, examinar las disposiciones legales que regulan el ámbito de la autoridad del Procurador del Ciudadano.

La Ley Núm. 134 de 30 de junio de 1977, mejor conocida como la Ley del Procurador del Ciudadano (Ombudsman), 2 L.P.R.A. secs. 701 y ss., establece que el Procurador tendrá jurisdicción para investigar los actos administrativos de las agencias y podrá ejercer las facultades y atribuciones concedidas por Ley. Artículo 10 de dicha ley, 2 L.P.R.A. sec. 710. En el Artículo 2 de la misma, 2 L.P.R.A. sec. 702, se define agencia, en lo pertinente, como *"cualquier entidad, departamento, junta, comisión, división, negociado, oficina, corporación pública o institución gubernamental de la Rama Ejecutiva del Estado Libre Asociado de Puerto Rico y cualquier funcionario, empleado o miembro de esa rama que actúe o aparente actuar en el desempeño de sus deberes oficiales"*. Acto administrativo es definido como *"cualquier acción, omisión, decisión, recomendación, práctica o procedimiento de una agencia, según ha sido definida por el inciso (a) de esta sección. No incluirá, sin embargo, las funciones inherentes al estudio, redacción y aprobación de reglas y reglamentos"*.

El Artículo 13 de la Ley, 2 L.P.R.A. sec. 713, lee como sigue:

*"Serán materias propias de investigación, cualquier acto administrativo que aparente ser:*

*(a) Contrario a la ley o reglamentos;*

*(b) Irrazonable, injusto, arbitrario, ofensivo o discriminatorio;*

*(c) Basado en un error de hecho o en motivos improcedentes e irrelevantes;*

*(d) No esté acompañado de una adecuada exposición de razones cuando la ley o los reglamentos lo requieran; o*

*(e) Ejecutado en forma ineficiente o errónea."*

El Ombudsman podrá realizar la investigación a los efectos de recomendar un remedio adecuado.

Por otro lado, la propia Ley excluye del ámbito investigativo del Procurador los casos en que:

*"(a) Haya un remedio adecuado en ley para reparar el agravio, ofensa o injusticia objeto de la querella;*

*(b) La querella se refiera a algún asunto que esté fuera del ámbito jurisdiccional de este Capítulo;*

*(c) Hayan transcurrido, al momento de la radicación de la querella, más de seis (6) meses desde que el querellante tuvo conocimiento del acto administrativo en cuestión, salvo los casos en que la naturaleza del acto y el perjuicio causado ameriten su investigación;*

*(d) El querellante no tenga suficiente interés personal en el asunto objeto de la querella;*

*(e) La querella sea frívola o haya sido radicada de mala fe; o*

*(f) La querella esté siendo investigada por otra agencia y a juicio del Ombudsman actuar sobre la misma representaría una duplicidad de esfuerzos y recursos."*

El Tribunal Supremo de Puerto Rico no ha tenido ocasión de interpretar en toda su extensión las funciones del Procurador. No obstante, algunos de los jueces de nuestro más Alto Foro se han expresado a estos efectos. En la sentencia emitida en el caso de *Adolfo, Ombudsman v. Cordero, J.A.S.A.P.,* 130 D.P.R. 376 (1992), los Jueces Asociados Negrón García, Rebollo López y Fuster Berlingeri emitieron opiniones concurrentes. ■ En su opinión, el Juez Asociado Rebollo López expuso, en lo pertinente, que:

*"La Oficina del Procurador del Ciudadano no fue ni concebida ni creada meramente para recopilar información sobre el trámite administrativo seguido en las distintas agencias administrativas que componen nuestro Gobierno con el único fin de recomendar a la Asamblea Legislativa medidas correctivas de carácter general. Su objetivo fundamental fue la creación de una oficina que brinde atención, y solución inmediata, a los problemas que aquejan a los conciudadanos de este País, abrumados por el trámite lento y desesperante de la burocracia gubernamental. De hecho, la dilación en la tramitación y solución de los procedimientos pendientes por parte de las agencias del gobierno constituye la causa principalísima de las querellas radicadas por los ciudadanos ante la Oficina del Procurador del Ciudadano."* (Notas omitidas.) *Adolfo, Ombudsman v. Cordero, J.A.S.A.P., supra,* a la pág. 390. ■

En segundo lugar, nos corresponde examinar brevemente cuáles son las facultades que la Ley le confiere a la Compañía de Turismo.

La Ley de la Compañía de Turismo de Puerto Rico, Ley Núm. 10 del 18 de junio de 1970, 23 L.P.R.A. sec. 671 y ss, le confiere a ésta la facultad de *"adquirir bienes en cualquier forma legal, **incluyendo el ejercicio del poder de expropiación forzosa,** poseerlos y administrarlos como lo estime conveniente y disponer de ellos y enajenarlos en la forma y bajo condiciones que considere apropiadas y necesarias".* Artículo 5 de la Ley, 23 L.P.R.A. sec. 671(d)(h). (Enfasis nuestro.)

Sabido es que el derecho del gobierno a expropiar propiedad privada para uso público es un atributo inherente y necesario de la soberanía y es superior a todos los derechos de propiedad. *Administración de Terrenos de P.R. v. Nerashford Development Corp.,* 136 D.P.R. 801 (1994); *Pueblo v. 632 Metros,* 74 D.P.R. 961, 970 (1953). El poder de expropiación del Estado se encuentra limitado por la exigencia de que el inmueble expropiado sea para un fin público y conlleva la obligación de pagar una justa compensación. Véase, Art. II, Sec. 9 de la Constitución del Estado Libre Asociado de Puerto Rico; *Hampton Development Corp. v. E.L.A.,*

139 D.P.R. 877 (1996); *Velázquez v. E.L.A.*, 135 D.P.R. 84 (1994); *Culebra Enterprises Corp. v. E.L.A.*, 127 D. P.R. 931 (1991).

La Ley de Expropiación Forzosa, Ley de 12 de marzo de 1903, 32 L.P.R.A. secs. 2901 y ss., incorpora ese principio constitucional y establece las normas y procedimientos para las expropiaciones. En la sección 2 de la referida ley, 32 L.P.R.A. sec. 2902, se dispone que cualquier propiedad particular podrá ser expropiada cuando haya sido declarada su utilidad pública por el Gobernador o por el funcionario o agencia designada por éste. Cabe mencionar que, ante un trámite de expropiación, el foro judicial tiene una modesta ingerencia en lo que respecta a la determinación de lo que constituye un fin público. *Mario Mercado v. Tribunal Superior*, 85 D.P.R. 370, 376 (1962); *E.L.A. v. Sucn. Gautier*, 81 D.P.R. 580 (1959); *Estado v. Fajardo Sugar Co.*, 79 D.P.R. 321 (1956).

## III
A la luz del marco legal antes expuesto, analicemos la situación de autos.

El Procurador sostiene que la denegatoria de la solicitud de expropiación constituye un acto administrativo sujeto a ser investigado por su Oficina de conformidad con las facultades que le fueron conferidas por Ley. Entendemos que no le asiste la razón.

Reconocemos la extraordinaria importancia de la función que realiza el Procurador en nuestro país y no cuestionamos, sino que avalamos entusiástamente el poder investigativo que tiene dicho funcionario sobre los actos administrativos de las agencias. No obstante, tal poder de investigación no es ni puede ser absoluto. La propia Ley establece las materias que están sujetas a investigación por parte del Procurador y aquéllas que no lo están. La decisión administrativa mediante la cual se denegó la solicitud de expropiación presentada por el señor Wilfredo Rodríguez, no aparenta ser contraria a la ley o reglamento, irrazonable, injusta, arbitraria, ofensiva o discriminatoria. Tampoco hay indicios de que estuviese basada en un error de hecho o en motivos improcedentes o irrelevantes, o de que no fuese una decisión fundamentada ni que hubiese sido ejecutada en forma deficiente o errónea.

Como es sabido, la facultad de expropiar un terreno recae enteramente en el poder del Estado, en este caso, de la Compañía de Turismo. Los ciudadanos de Puerto Rico no tienen derecho alguno a exigirle al Estado que expropie un terreno para su beneficio. El Estado tiene facultad para considerar el pedido, mas tiene amplia discreción para acceder o denegar la solicitud de expropiación. En la situación de autos, la denegatoria de la solicitud de expropiación estuvo fundada en que no existía un fin público que ameritara la misma. Entendemos que el Procurador no está facultado por ley para evaluar la corrección de dicha decisión administrativa, puesto que no están presentes las circunstancias mencionadas en el Artículo 13 de la Ley del Procurador del Ciudadano, *supra*, y porque no puede recomendar un remedio adecuado. En otras palabras, el Procurador no puede recomendarle a la Compañía de Turismo que concluya que existe un fin público que amerita que se conceda la solicitud de expropiación, puesto que tal determinación es una que le compete a dicha agencia administrativa. El Procurador no está facultado para verificar y/o cuestionar la inexistencia de un fin público cuando una agencia deniega una petición de un ciudadano privado para que se expropie un bien.

No estamos ante el caso típico en que un ciudadano tiene un procedimiento pendiente ante una agencia por un tiempo irrazonable o pide un remedio -amparándose en alguna ley o reglamento- y su reclamo no es atendido. En estos casos, la función del Procurador es investigar las causas de la demora o de la inacción de la agencia administrativa y recomendar un remedio adecuado para corregir tales situaciones, las que indudablemente afectan a los ciudadanos de este país cuando se les expone *"al trámite lento y desesperante de la burocracia gubernamental"*.

El caso de autos presenta una situación completamente diferente a las anteriormente descritas, pues se trata

de una solicitud de un ciudadano privado que interesa que el Estado expropie unos terrenos aledaños a su propiedad para su beneficio, lo que alegadamente redundaría, a su vez, en beneficio de nuestra economía. Como ya expusimos, un ciudadano puede realizar esfuerzos encaminados a solicitar dicha expropiación; no obstante, no tiene derecho alguno a que finalmente se le conceda, puesto que es al Estado a quien únicamente le corresponde tomar dicha determinación. Un ciudadano no puede ampararse en ley alguna para obligar al Estado a que expropie un terrero. El Procurador no puede alegar que la Compañía de Turismo no le dio curso a la solicitud del señor Rodríguez ni que dilataron la solución de la misma por tiempo irrazonable. Todo lo contrario, la solicitud de expropiación fue atendida y posteriormente denegada, y los funcionarios concernidos ofrecieron al Procurador razones bien fundadas para su decisión.

Si reconociéramos el derecho y la facultad que reclama el Procurador, estaríamos propiciando la paralización del Gobierno de Puerto Rico. Sería infinita la variedad de situaciones en las que ciudadanos privados, comunidades, entidades, organizaciones, corporaciones, negocios y grupos de toda índole, recabarían de las agencias que se expropien bienes con el propósito de adelantar sus respectivas causas y aspiraciones. En nada se mitigaría la anarquía por el hecho de que algunas de esas exigencias puedan coincidir con legítimos fines públicos.

De todas maneras, ello, sin lugar a dudas, conduciría al caos en la administración pública, si los funcionarios que ignoren o denieguen esas solicitudes vinieren obligados a comparecer a vistas públicas en la oficina del Procurador para justificar sus decisiones. Bajo el imperio de ese estado de cosas toda planificación sería fútil. Igualmente estéril resultaría la consecución de una política pública racional y, ciertamente, no habría la más remota posibilidad de presupuestar los recursos del Estado.

Dos ejemplos recientes bastarían para ilustrar nuestro análisis. ¿Si el Gobierno de Puerto Rico se hubiese negado a expropiar los terrenos del Barrio Juan Domingo en Guaynabo, o los terrenos de la finca de los Capuchinos en Trujillo Alto, podría el Procurador obligar a los funcionarios concernidos a comparecer a su oficina para que justificaran sus decisiones? A esta interrogante, es forzoso responder con un rotundo no.

Ni que, decir tendríamos que ante el supuesto que validáramos la teoría que nos propone el Procurador, si los funcionarios públicos accedieran a iniciar procedimientos de expropiación, el resultado sería igualmente absurdo, pues cualquier ciudadano privado, comunidad, entidad, organización, corporación, negocio o grupo que se consideren afectado por esas decisiones, también podrían acudir al Procurador para que realice una investigación.

Suponiendo, a los únicos fines de la argumentación, que el Procurador tiene facultad para investigar actuaciones como las que nos ocupa, los recurridos respondieron a su indagación en forma adecuada, detallada y pormenorizada. Si la respuesta de los recurridos no satisface al Procurador, existen mecanismos menos onerosos para que los funcionarios públicos suplan cualquier información adicional, sin que se tenga que recurrir al método más extremo y costoso: el careo en una vista pública.

Por otro lado, el Procurador solicitó la comparecencia del Presidente de la Junta de Planificación porque dicha agencia tiene ante su consideración la consulta de ubicación del proyecto que incide con la solicitud de expropiación hecha por el señor Rodríguez y alegadamente ese fue uno de los elementos tomados en consideración por la Compañía de Turismo para denegar la solicitud de expropiación.

Entendemos que tampoco procede la citación del Presidente de la Junta de Planificación. A estos efectos, acogemos los pronunciamientos del Tribunal *a quo:*

*"Ya que la Junta de Planificación no ha tomado determinación alguna respecto a la consulta ante sí, por lo que no hay actuación administrativa que aparente ser ilegal, irrazonable, injusta, arbitraria u ofensiva ni se ha*

*actuado en forma ineficiente ni errónea, no procede citar a vista pública al Presidente de la Junta de Planificación, señor Ortiz.*

*Como la Oficina del Procurador del Ciudadano tampoco ha argumentado que dicho procedimiento ante la Junta de Planificación ha sido lento, entendemos que carece de jurisdicción para investigar los pormenores de la evaluación de tal consulta y que no procede emitir la citación solicitada."*

No procede, pues, que se ordene la citación de los testigos requeridos por el Procurador para que comparezcan a una vista pública a celebrarse en su oficina con el propósito de investigar la denegatoria de la solicitud de expropiación de los terrenos aledaños al Diamond Palace Hotel & Casino. El Procurador no está facultado por ley para realizar dicha investigación.

## IV

Por los fundamentos antes expuestos, denegamos la expedición del auto solicitado.

El Juez Negroni Cintrón concurre sin opinión escrita.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2002 DTA 128

**1.** Dicha decisión fue tomada por la Junta de Directores de la Compañía de Turismo de Puerto Rico.

**2.** En dicho caso, el Tribunal Superior le ordenó a J.A.S.A.P. contestar un interrogatorio que le fue sometido por la Oficina del Procurador del Ciudadano como parte de una investigación cuasilegislativa del Ombudsman de las causas para la aparente dilación en los trámites apelativos. El Tribunal Supremo, mediante sentencia -en decisión de 4 a 3-, confirmó la orden del Tribunal Superior.

**3.** El Juez Presidente se unió a dicha Opinión Concurrente.