SUCESIÓN DE ANA MARÍA GARCÍA, demandante y recurrente, *v.* AUTORIDAD DE CARRETERAS y el ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y recurridos.

*Número:* R-82-541    *Resuelto:* 21 de octubre de 1983

*Wilfredo Luciano Quiñones*, abogado de la recurrente; *Miguel Pagán, Procurador General Interino, y Marta Quiñones, Procuradora General Auxiliar*, abogados de El Pueblo; *Diego Germán Vázquez*, abogado de la Autoridad de Carreteras, recurrida.

El Juez Asociado Señor Torres Rigual emitió la opinión del Tribunal.

La Sucesión de Ana María García adquirió por herencia dos fincas denominadas, para propósito de este pleito, "A" y "B". El Secretario de Hacienda impuso la suma de $100,099.49 por concepto de contribución de herencia al caudal relicto constituido por las dos fincas como su único activo. Las fincas habían sido reservadas desde el 1969 por la Junta de Planificación para la construcción futura de la Avenida Guaynabo y la Avenida Periferal Sur. La finca "A" está afectada por el Proyecto de la Avenida Guaynabo y se encuentra ya en el Programa de Construcción vigente de 5 años de la Autoridad de Carreteras. La finca "B", que es la afectada por el Proyecto de la Avenida Periferal Sur, todavía no está incluida en el programa de construcción y no se sabe cuándo se construirá.

La congelación de los terrenos ha impedido a la sucesión recurrente obtener financiamiento para pagar la contribución de herencia, por lo que se ha acumulado en el curso de los años una cuantiosa deuda por concepto de intereses al 10% anual y recargos por una tasa adicional de 10%.

Con motivo de esta onerosa situación la recurrente instó demanda contra el Estado Libre Asociado y la Autoridad de Carreteras, en la que solicitó que se ordenara la expropiación de los terrenos por su justo valor o, en su defecto, que se les liberara de las restricciones impuestas por la Junta y se condenara a los recurridos al resarcimiento de los daños causados por la congelación irrazonable.

El tribunal de instancia desestimó la demanda por considerarla académica, ya que el Estado se proponía expropiar la parcela "A" próximamente y que la restricción a la parcela "B" sería eliminada administrativamente tan pronto la recurrente lo solicitara a la Junta.

■ Ante la gravosa situación creada por el Estado a la recurrente al imponerle serias penalidades por concepto de intereses y recargos, a la vez que le impedía con la congelación irrazonable de los terrenos el gestionar los recursos necesarios para pagar la contribución, y considerando que a la luz de los criterios establecidos en *Flamboyán Gardens* v. *Junta de Planificación*, 103 D.P.R. 884 (1975), y *The Richards Group* v. *Junta de Planificación*, 108 D.P.R. 23 (1978), la congelación de los terrenos constituía un acto irrazonable, concedimos término a la recurrida para que compareciera a mostrar causa por la cual no se debía dejar sin efecto la sentencia en que se decretó la desestimación de la demanda, y devolver el caso para que se impusiera a los recurridos un término improrrogable de treinta días para la expropiación de la parcela "A" y para la descongelación de la parcela "B" y se adjudicara el resarcimiento de daños.

Comparecieron los recurridos en sendos escritos para objetar la expedición del auto. De ellos se desprende que en cuanto a la finca "A" el pleito se ha convertido en académico. La Autoridad de Carreteras llevó a cabo con posterioridad a nuestra orden de mostración de causa la expropiación de dicho predio y consignó a favor de la recurrente la cantidad de $313,300, mediante el cheque número 47567. La consignación de fondos puso en condiciones a la recurrente

de acogerse a la amnistía contributiva decretada por la Ley Núm. 2 de enero de 1983 y de liberarse del pago de los intereses, recargos y penalidades que pudieran haberse acumulado con motivo de la congelación irrazonable.

■ La situación de la finca "B", sin embargo, es distinta. Los recurridos arguyen que el recurso es prematuro, porque los recurrentes deben agotar el remedio administrativo y solicitar de la Junta la descongelación de dicha finca al amparo de la resolución número 235, aprobada por la Junta de Planificación el 28 de octubre de 1981. En efecto, dicha resolución permite la expedición de permisos en los casos de terrenos afectados por planes viales cuando no se ha programado la construcción de la vías propuestas. Notamos, sin embargo, que esta resolución sujeta dichas propiedades a la siguiente condición:

Los permisos que se otorguen al amparo de lo dispuesto en esta resolución deberán indicar la posibilidad de que el proyecto quede afectado en el futuro por la construcción de una vía.

Tal requisito constituye en las circunstancias de este caso una restricción impermisible porque no tiene una justificación racional y afecta onerosamente, sin beneficio para la comunidad, los intereses de la recurrente. Se recordará que dicha parcela ha estado reservada para un fin público durante los últimos catorce años y que no está incluida todavía en el Programa de Construcción de 5 años de la Autoridad de Carreteras ni se proyecta adquirirla.

■ La restricción no adelanta ningún interés del Estado, puesto que todos los terrenos, sin distinción, están sujetos al dominio eminente del Estado y pueden ser expropiados en cualquier momento para la construcción de una carretera o cualquier otro fin público. El mero hecho de que se advierta así en los permisos que se otorguen, no altera en forma alguna los poderes del Estado. Por el contrario, la mera advertencia de por sí tiene un efecto limitativo en el

desarrollo, financiamiento y disposición de los terrenos, en perjuicio del derecho de propiedad de la recurrente.

Concluimos, pues, que en las circunstancias apuntadas la restricción impuesta a la finca "B" resulta irrazonable e impermisible.

*Se dictará sentencia en la que se expida el auto, y se modifica la sentencia recurrida a los fines de ordenar a los recurridos que se abstengan de aplicar la mencionada restricción en los permisos que otorguen para el desarrollo de la finca "B" conforme las disposiciones de la mencionada resolución número 235. Así modificada, se confirmará.*

El Juez Asociado Señor Dávila no intervino.