JOSÉ VELÁZQUEZ VELÁZQUEZ y OTROS, demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO y OTROS, demandados y recurrentes.

*Número:* RE-92-534          *Resuelto:* 1ro de febrero de 1994

*Reina Colón de Rodríguez, Subprocuradora General*, y *Sylvia Cancio Bigas, Procuradora General Auxiliar*, abogadas de El Pueblo; *Justo Torres Cintrón*, abogado de los recurridos.

El Juez Asociado Señor Alonso Alonso emitió la opinión del Tribunal.

Como resultado de la tragedia ocurrida en Mameyes, y como parte de los trabajos de estabilización de los terrenos, el Estado Libre Asociado (en adelante E.L.A.) eliminó una estructura perteneciente a los demandantes. Éstos acudieron al tribunal para solicitar una indemnización por los daños y perjuicios alegadamente causados. La demanda contra la compañía que realizó el trabajo de estabilización de los terrenos fue desestimada, pero al E.L.A. se le ordenó pagar la suma de doce mil dólares ($12,000).

Resolvemos que la acción del caso de epígrafe es de expropiación a la inversa por constituir una *incautación* de la propiedad y cuyo término prescriptivo es de un (1) año. La acción contra el E.L.A. estaba prescrita. Por ello, revocamos el dictamen del tribunal de instancia.

I

El 7 de octubre de 1985 ocurrió el deslizamiento de tierra en el área conocida como Mameyes, en Ponce, Puerto Rico. En esa fecha, el Sr. José Velázquez Velázquez residía allí con la Sra. Yolanda Irizarry. Como resultado de la tragedia de Mameyes, gran parte del vecindario quedó destruido. La estructura de dos (2) pisos donde residía el señor Velázquez quedó parcialmente afectada por encontrarse en la periferia del área del derrumbe. Surge de la sentencia que ésta quedó "prácticamente en el aire sostenida por un talud". Solicitud de revisión, pág. 3.

Por cuestiones de seguridad, era necesaria la remoción de escombros y la eliminación de estructuras en la periferia del área del derrumbe. El 7 de abril de 1986 la Guardia Nacional de Puerto Rico y Carro Construction, Corp. suscribieron un contrato con el propósito de realizar los trabajos de estabilización de los terrenos.

Al señor Velázquez se le concedió un tiempo para que

sacara el mobiliario de su casa. Éste vendió gran parte y el remanente lo movió con unas amistades.

En junio de 1986, cuando Carro Construction, Corp. comenzó sus labores en el área de Mameyes, ya no había ningún mobiliario en la propiedad del señor Velázquez. Para octubre de 1986 se habían completado las labores.

El 7 de noviembre de 1990 el señor Velázquez presentó la demanda de epígrafe contra el E.L.A. y Carro Construction, Corp., entre otros. En ésta reclamó al Estado una justa compensación o indemnización por el valor de la vivienda que fue demolida. Le reclamó a la constructora los daños y perjuicios sufridos por la demolición.

Tras el cumplimiento de varios trámites de rigor, el Tribunal Superior, Sala de Ponce, dictó una sentencia mediante la cual desestimó la demanda contra Carro Construction, Corp. por entender que la reclamación estaba prescrita. En cuanto al E.L.A., la demanda fue declarada con lugar y se le ordenó pagar a los demandantes la suma de doce mil dólares ($12,000) equivalentes al valor de la estructura demolida. Como cuestión de derecho, concluyó el foro de instancia que la acción presentada contra el E.L.A. *no* estaba prescrita, debido a que ésta era una acción personal de expropiación a la inversa, a la cual le aplicaba el término prescriptivo de quince (15) años.

Inconforme, acude en revisión el E.L.A. y señala, en apoyo a su solicitud, los siguientes errores:

[... D]eterminar que la causa de acción para pedir la justa compensación es una acción de expropiación a la inversa que prescribe a los quince (15) años.
[... R]esolver que la causa de acción instada en el presente caso por los demandantes-recurridos contra el Estado Libre Asociado de Puerto Rico no está prescrita. Solicitud de revisión, pág. 7.

El 18 de diciembre de 1992, mediante una resolución, expedimos el recurso. Ambas partes han comparecido, por lo que procedemos a resolver.

## II

■ Constituye una doctrina reiterada en nuestra jurisdicción que la Asamblea Legislativa pueda establecer limitaciones al derecho de propiedad en beneficio del bienestar general. Ello es así porque el disfrute de la propiedad privada, aunque de .carácter fundamental, no es un derecho absoluto. *Culebra Enterprises Corp. v. E.L.A.*, 127 D.P.R. 943 (1991); *Vélez v. Srio. de Justicia*, 115 D.P.R. 533 (1984); *E.L.A. v. Márquez*, 93 D.P.R. 393 (1966), entre otros. El Estado también tiene el poder de incautarse de una propiedad privada siempre que sea para un fin público y pague una compensación justa. Art. II, Sec. 9, Const. E.L.A., L.P.R.A., Tomo 1; *E.L.A. v. Rosso*, 95 D.P.R. 501, 536 (1967), según citados en *Arenas Procesadas, Inc. v. E.L.A.*, 132 D.P.R. 593 (1993).

■ La obligación del Estado de pagar una justa compensación puede manifestarse de *tres* (3) formas: (1) mediante el ejercicio directo del poder de dominio eminente, instando un "recurso de expropiación"; (2) por medio de su reglamentación, y (3) cuando ocurre una incautación de hecho al afectar sustancialmente el uso de la propiedad físicamente. *Culebra Enterprises Corp. v. E.L.A.*, supra; *Sucn. García v. Aut. de Carreteras*, 114 D.P.R. 676 (1983); *Olivero v. Autoridad de Carreteras*, 107 D.P.R. 301 (1978).

■ Precisamente para los casos excepcionales de ocupación física, incautación de un derecho real o restricciones a la propiedad por vía de reglamentación sin haberse presentado una acción de expropiación, se ha instituido la acción de expropiación a la inversa. En *E.L.A. v. Northwestern Const., Inc.*, 103 D.P.R. 377, 383 (1975), explicamos que se denomina *inversa* "porque se insta por el dueño de la propiedad contra el Estado, para obtener la compensación a que tiene derecho pero los tribunales generalmente le aplican las mismas normas y principios que rigen la ac-

ción de expropiación iniciada por el Estado". Véase, también, *Olivero v. Autoridad de Carreteras*, supra, pág. 307.

■ En el citado caso *Culebra Enterprises Corp. v. E.L.A.*, supra, resolvimos que el término prescriptivo de una acción en daños y perjuicios contra el Estado —por alegadas *restricciones a la propiedad* por el efecto de unas clasificaciones de zonificación adoptadas mediante reglamentación— es de un (1) año. Éste comenzaría su decurso desde que se libera la propiedad de las restricciones legislativas. Al así resolver, consideramos los principios relativos a la institución de la prescripción extintiva.

■ Sobre el término prescriptivo de un (1) año del Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, explicamos que éste responde a " 'la inexistencia de una relación jurídica previa entre demandante y demandado que hace aconsejable que éste no deba esperar mucho para conocer la actitud que el perjudicado ha de adoptar' ". *Culebra Enterprises Corp. v. E.L.A.*, supra, págs. 951–952, citando a L. Díez-Picazo, *La Prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 239. A su vez, como fundamentos adicionales para aplicar a la acción de expropiación a la inversa *por reglamentación* el término prescriptivo de un (1) año, en *Culebra Enterprises Corp. v. E.L.A.*, supra, señalamos lo siguiente:

1. La génesis constitucional de la acción requiere una mayor diligencia.[1]
2. El deseo de que el término para reclamar cualquier violación al derecho de propiedad como imperativo de la estabilidad en la planificación y el mejor uso de nuestras limitadas tierras sea relativamente corto.
3. La contribución de un término corto a la mitigación

---

[1] Conforme indicamos en *Culebra Enterprises Corp. v. E.L.A.*, 127 D.P.R. 943, 954 (1991): "[n]o puede discutirse con seriedad la deseabilidad de que aquellas situaciones que ofenden los postulados básicos constitucionales que regulan la relación entre el Estado y sus ciudadanos deben ser corregidos de inmediato."

de la pérdida y a la limitación de la responsabilidad económica del Estado.

4. El término corto facilita la conservación de la prueba en su mejor estado y libre de los embates del transcurso del tiempo.

## III

En el caso de autos surge con claridad de las alegaciones de la demanda que la acción instada por los demandantes recurridos contra el E.L.A. es realmente una acción de expropiación a la inversa, donde se solicita una compensación *por la incautación de la propiedad.* No está en controversia que la actuación del Estado constituyó una incautación física de la propiedad en cuestión.[2] Como parte del plan de estabilización de terrenos y control de drenaje en el sector Mameyes de Ponce, el Estado destruyó la propiedad de los demandantes.

La acción instada por los demandantes del caso de autos es una acción de expropiación a la inversa en su modalidad de incautación física de la propiedad.[3] Ésta es una acción de naturaleza compensatoria o indemnizadora, *y constituye una variante* de la acción instada en el caso *Culebra Enterprises Corp. v. E.L.A.*, supra, donde la fuente de la reclamación era la *restricción reglamentaria.* Por los mismos fundamentos utilizados en *Culebra Enterprises Corp. v. E.L.A.*, supra, según los señalamos antes, resolvemos que a la acción de expropiación forzosa a la inversa instada por

---

[2] El Estado Libre Asociado alegó haber demolido la propiedad por razones de seguridad y el riesgo que ésta representaba. Entendemos, por el resultado al cual llegamos, que se hace innecesario dilucidar si estamos ante una actuación gubernamental bajo su poder de razón de Estado en protección de la salud y seguridad de la comunidad en general. Este planteamiento precisamente constituye uno (1) de los que se dilucidarían en una acción de expropiación a la inversa.

[3] A igual conclusión llegó el tribunal de instancia conforme surge de la Resolución de 19 de octubre de 1992, a pesar de que aplicó el término prescriptivo de quince (15) años.

razón de una incautación física, le aplica el término prescriptivo de un (1) año del Art. 1868 del Código Civil, *supra*.

Surge de la sentencia recurrida que en octubre de 1986 se había completado la demolición de todas las estructuras y el recogido de los escombros en el área de Mameyes y su periferia. La demanda fue presentada el 25 de octubre de 1990, luego de haber transcurrido el término prescriptivo de un (1) año para ejercitar la acción. Por ello, erró el tribunal de instancia al aplicar el término prescriptivo de quince (15) años y al no desestimar la acción.

En atención a lo antes señalado, *se dictará sentencia revocando la emitida por el Tribunal Superior, Sala de Ponce, ordenando la desestimación de la demanda instada por la parte recurrida por estar prescrita la causa de acción.*

El Juez Asociado Señor Rebollo López disintió con una opinión escrita.

– O –

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

Distinto a la mayoría del Tribunal, la cual decreta que la acción radicada por los aquí demandantes recurridos contra el Estado Libre Asociado de Puerto Rico está prescrita por razón de que a dicha acción le es aplicable el término de un (1) año que establece el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, *somos del criterio que el término aplicable a la referida acción lo es el de quince (15) años que establece el Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294, para las acciones personales que no tienen señalado término específico de prescripción.* Veamos por qué.

La Mayoría incurre en el antes mencionado error debido a que aplica, *a los hechos específicos y especiales del presente caso,* la decisión que emitiera este Tribunal en *Cule-*

*bra Enterprises Corp. v. E.L.A.*, 127 D.P.R. 943 (1991);(¹) *decisión que obviamente no es aplicable al caso de autos.*

En *Culebra Enterprises Corp. v. E.L.A., ante, se trataba de una acción en que se reclamaban los daños y perjuicios sufridos por el dueño de una propiedad*,(²) alegadamente sufridos los mismos como consecuencia de la acción del Estado de *congelar temporeramente* la propiedad *y prohibir todo uso productivo* de la misma. *Tratándose de una reclamación de daños*, resolvimos que le era aplicable el término prescriptivo de un (1) año que establece el citado Art. 1868 del Código Civil, *supra*.(³) *Nada más lógico y correcto.*

En el presente caso, esa *no* es la situación. *No* se trata de una acción en reclamación de los daños y perjuicios sufridos debido a la acción del Estado de congelar temporeramente una propiedad. Tampoco se trata, propiamente, de una acción ordinaria de "expropiación a la inversa"; esto es, aquella acción que presenta el dueño de una *propiedad existente* con el propósito de que el tribunal obligue al Estado a expropiar formalmente la misma, *acción que éste puede derrotar demostrando que no ha habido la alegada incautación.*(⁴)

En el presente caso, *realmente se trata de una acción en cobro de dinero*; esto es, en cobro del justo valor de una propiedad que fue "incautada de manera permanente" por el Estado como consecuencia de la decisión de éste de, por razones de seguridad pública, *proceder a su remoción o destrucción.*

La decisión y acción del Estado de demoler la vivienda

---

(¹) 91 J.T.S. 18.

(²) A saber, "pérdida del valor del uso de la propiedad ...; reducción en el valor de las acciones de las corporaciones [dueñas de la propiedad]; gastos de inversiones adicionales requeridas debido a la congelación decretada ...; y gastos y honorarios de abogado". *Culebra Enterprises Corp. v. E.L.A.*, 127 D.P.R. 943, 949 (1991).

(³) Resolvimos, en adición, que dicho término de un (1) año comenzaría a contarse desde el momento en que el Estado libera la propiedad y/o, como máximo, desde que comienza el octavo (8vo) año de haber estado congelada la propiedad.

(⁴) Situación a la que tampoco entendemos aplicable el término prescriptivo de un (1) año que establece el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298.

de los aquí demandantes recurridos ciertamente *no* constituye una acción culposa ni negligente de parte de éste que produce un daño compensable bajo las disposiciones del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141. *No* es correcta, en consecuencia, la aplicación que, *por analogía*, hace la Mayoría *a los hechos del presente caso* del término prescriptivo de un (1) año que establece el citado Art. 1868 del Código Civil para las acciones de daños y perjuicios.

Se trata, repetimos, de una acción sui géneris de cobro de dinero y/o del justo valor de una propiedad que fue destruida y/o incautada por el Estado en el ejercicio del poder inherente que tiene de velar por la seguridad y el bienestar de la ciudadanía en general. Ante estos hechos específicos y particulares, la obligación del Estado de compensar a los dueños de la propiedad en el presente caso surge directamente de las disposiciones de la Sec. 9 del Art. II de nuestra Constitución, L.P.R.A., Tomo 1.(⁵)

No estableciendo nuestro ordenamiento jurídico un término específico de prescripción para la acción en cobro de la "justa compensación" que ordena la Constitución *en casos de incautación permanente de propiedad* por parte del Estado, corresponde aplicar el *término de quince (15) años* que dispone el citado Art. 1864 del Código Civil *para las acciones personales que no tienen señalado un término especial de prescripción.*

La errónea opinión mayoritaria emitida, en adición, desemboca en la comisión de una *grave injusticia* contra un ciudadano humilde que no sólo perdió su hogar sino que, a base de la decisión mayoritaria, se ve impedido de cobrar el valor de ésta.

Determinaríamos, en consecuencia, que la acción que

---

(⁵) La Sec. 9 del Art. II de nuestra Constitución, L.P.R.A., Tomo 1, ed. 1982, pág. 296, dispone:

"No se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago·de una justa compensación y de acuerdo con la forma provista por ley."

los demandantes recurridos radicaron contra el Estado *no* está prescrita.