ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **FRANK TORRES RODRÍGUEZ y otros**<br><br>Apelado<br><br>v.<br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO; JUNTA DE PLANIFICACIÓN; MUNICIPIO DE GUÁNICA**<br><br>Apelante | KLAN202500261 consolidado con KLAN202500262 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.: **PO2022CV00768**<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece el Municipio de Guánica mediante un recurso de *Apelación* en el caso **KLAN202500261** y nos solicita la revisión de la *Sentencia Parcial* notificada el 17 de diciembre de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce. Mediante este dictamen, el TPI declaró con lugar la solicitud de sentencia sumaria presentada por el Sr. Frank Torres Rodríguez y la Sra. Eva Torres Rodríguez (en conjunto, "los demandantes" o "parte apelada") y, en consecuencia, determinó que la calificación del terreno de los demandantes como Bosque y Suelo Rústico Especialmente Protegido constituyó una incautación *ad perpetuam* de la propiedad, sin que el Estado Libre Asociado de Puerto Rico (en adelante "ELA") ni el Municipio de Guánica les proveyera la justa compensación.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

A su vez, comparece la Junta de Planificación (en adelante "Junta") mediante recurso de *Apelación* en el caso **KLAN202500262** y nos solicita también que revisemos la *Sentencia Parcial* antes mencionada.

Por los fundamentos que expresamos a continuación, revocamos la *Sentencia Parcial* apelada.

**I.**

El 28 de marzo de 2022, los demandantes incoaron una *Demanda* sobre expropiación a la inversa en contra del Estado Libre Asociado de Puerto Rico y el Municipio de Guánica.

Mediante la misma, los demandantes manifestaron que eran dueños en pleno dominio de una finca localizada en el municipio de Guánica y alegaron que, tras la aprobación del Plan de Ordenamiento Territorial del Municipio de Guánica, la zonificación de su terreno cambió de una clasificación de Desarrollo Turístico Selectivo (DTS) a una de Bosque (BQ). Añadieron que esta clasificación se caracterizaba por ser una de estricta conservación del terreno en su estado natural. Sostuvieron que el cambio de la clasificación no le resultaba en beneficio alguno pues, por su definición, constituía de su faz en la denegación de todo uso productivo. Por tanto, concluyeron que al clasificar su terreno como Suelo Rústico Especialmente Protegido (SREP), con calificación de Bosque (BQ), igual que el Bosque Seco y el Bosque Estatal de Guánica, el ELA y el Municipio de Guánica incautaron su propiedad *ad perpetuam*, sin pagar una justa compensación y sin brindarle el debido proceso de ley. Ello fundamentados en que la actuación del ELA y del Municipio de Guánica constituyó una expropiación por vía de reglamentación.

El 17 de junio de 2022 mediante *Moción de Desestimación*, el ELA, por conducto del Departamento de Justicia, arguyó que la demanda no contenía alegación alguna en contra del ELA que

justificara la concesión de un remedio. Añadió que la demanda iba dirigida única y exclusivamente en contra de la Junta y el Municipio de Guánica y expuso que ambas partes tenían capacidad jurídica propia para demandar y ser demandados.

Así las cosas, el foro primario concedió un término de veinte (20) días a los demandantes para expresar su posición.

En cumplimiento con la referida orden, el 23 de junio de 2022, los demandantes presentaron *Moción en Oposición a Moción de Desestimación*. Allí aseveraron que la Junta no tenía ni la facultad para expropiar ni la capacidad jurídica para responder por los actos en el ejercicio de sus facultades de planificar la ordenación territorial de Puerto Rico. Por lo que sostuvieron que, debido a que la Junta no poseía personalidad jurídica distinta y separada del ELA, le correspondía a este último responder por las actuaciones de la Junta.

Trabada así la controversia, el 11 de julio de 2022, el foro de instancia declaró *No Ha Lugar* la solicitud de desestimación presentada por el ELA.

De otra parte, el 16 de agosto de 2022, el Municipio de Guánica compareció mediante *Cumplimiento de Orden y Contestación a Demanda* y señaló como defensa que no respondía por las acciones del Estado ni de sus dependencias gubernamentales.

A su vez, en la misma fecha, el ELA presentó *Contestación a Demanda Enmendada*. En esta, incluyó como defensa que, debido a que las alegaciones de la demanda estaban dirigidas a la Junta, instrumentalidad autorizada a demandar y comparecer en los tribunales, la demanda no exponía una reclamación que justificara la concesión de un remedio a favor de los demandantes.

Ahora bien, el 14 de noviembre de 2022, los demandantes presentaron *Moción solicitando se dicte Sentencia Sumaria Parcial.*

Estos adujeron que no existía controversia en cuanto a que eran los dueños en pleno dominio de la finca ubicada en el Municipio de Guánica y que el Plan Territorial cambió la calificación del terreno de Desarrollo Turístico Selectivo a una de Bosque bajo la clasificación de Suelo Rústico Especialmente Protegido. Expusieron que dicha calificación ordenaba la conservación total y absoluta del terreno. Así, solicitaron al tribunal que decretara que su propiedad había sido expropiada desde el 2 de junio de 2010 mediante la aprobación de la Orden Ejecutiva Número OE-2010-025 y que, en consecuencia, ordenara al ELA y al Municipio de Guánica a pagar la justa compensación.

Culminados varios incidentes procesales que resultan innecesarios pormenorizar, el 21 de diciembre de 2023, las representantes legales del Departamento de Justicia solicitaron al tribunal su renuncia a la representación legal de la Junta. Informaron que la Junta había solicitado representación legal al Departamento de Justicia y que esta le fue provista de forma provisional pero que, tras realizar la correspondiente evaluación, el Secretario de Justicia determinó denegar dicha solicitud. Indicaron que la Junta era una instrumentalidad autorizada por su ley habilitadora para demandar y comparecer ante el tribunal.

Por su parte, el 27 de diciembre de 2023, los demandantes se opusieron. Reiteraron que la Junta no tenía personalidad jurídica separada ni distinta a la del ELA y que tampoco tenía capacidad para ser demandada y para responder por las actuaciones en el desempeño de sus funciones.

Así pues, el foro apelado concedió un término de 60 días para que la Junta anunciara su nueva representación legal.

Luego, el 20 de marzo de 2024 y 16 de abril de 2024, los demandantes solicitaron al foro primario que declarara que su

Moción de Sentencia Sumaria Parcial quedó sometida sin oposición de ninguna de las partes demandadas.

Así las cosas, el 9 de mayo de 2024, la Junta anunció nueva representación legal y solicitó al foro primario que desestimara la causa de acción de los demandantes por falta de jurisdicción y por el demandante, Sr. Frank Torres Rodríguez, no tener legitimación activa. En la alternativa, solicitó que se le otorgara 60 días para que su nueva representación legal pudiera examinar a fondo el expediente y contestar la solicitud de sentencia sumaria.

En desacuerdo, los demandantes, replicaron que la Junta no era parte demandada, parte tercera demandada y tampoco parte indispensable. Añadieron que la Junta carecía de capacidad legal jurídica para comparecer en el caso y proveerles un remedio.

Empero, el 12 de julio de 2024, el foro de instancia aclaró que el ELA fue emplazado conforme a derecho y que la Junta compareció voluntariamente a continuar los procesos como instrumentalidad del ELA. En ese sentido, dispuso que la Junta compareció, no como persona jurídica aparte, sino como la instrumentalidad del Estado que intervino directamente en los hechos del caso y la agencia que, por ley, es responsable de implementar la política pública en dichos asuntos. Reiteró que la Junta era una instrumentalidad del ELA, sin capacidad jurídica distinta, pero con autoridad para acudir a los tribunales en casos donde se dilucidaran controversias relacionadas a sus facultades y responsabilidades como instrumentalidad del ELA. Por lo que, el foro primario aseveró que la comparecencia de la Junta equivalía a una comparecencia del ELA. Así, le concedió a la Junta el término solicitado para presentar su oposición a la sentencia sumaria.

Ahora bien, el 10 de octubre de 2024, el Municipio de Guánica presentó *Oposición a Solicitud de Sentencia Sumaria Parcial y Moción de Desestimación*. En su escrito alegó que existían controversias

sobre hechos materiales, entre los cuales se encontraba que el predio de los demandantes no estaba ubicado dentro de la zona de exclusión total, que no existía evidencia sobre que a los demandantes se les privó de toda probabilidad inmediata y futura de uso económico beneficioso de su propiedad. En la alternativa, solicitó la desestimación de la causa de acción en su contra por dejar de exponer una reclamación que justificara la concesión de un remedio pues alegó que los demandantes tenían opciones de desarrollo sobre su finca, lo que implicaba que no se constituyó una incautación por vía de reglamentación.

De otra parte, el 15 de octubre de 2024, el ELA presentó un escrito intitulado *Segunda Comparecencia Especial en Cumplimiento de Orden y en Solicitud de Remedio*. En este arguyó que, debido a que la Junta tenía amplia facultad y autoridad en ley para comparecer y defender los procesos seguidos durante la tramitación y aprobación del Plan Territorial, no era correcta la determinación de separar la comparecencia de la Junta y del ELA. A esos efectos, alegó que, habiendo comparecido la Junta, la comparecencia del ELA, por conducto del Secretario de Justicia, no era necesaria para la adjudicación del pleito. Añadió que ninguna agencia o departamento de la Rama Ejecutiva figuraba como parte demandada y que los intereses del ELA estaban siendo representados a través de la Junta.

El 25 de octubre de 2024, la Junta presentó *Moción en Oposición a Solicitud de Sentencia Sumaria Parcial y Desistimiento*. En esta, en síntesis, manifestó que existían hechos materiales en controversia pues los demandantes no demostraron que en efecto se les privó de todo uso productivo de su propiedad.

Luego de evaluadas las posturas de las partes, el 16 de diciembre de 2024, notificada el 17 de diciembre de 2024, el TPI emitió la *Sentencia Parcial* que hoy revisamos. Mediante la sentencia

apelada, el foro primario declaró *Ha Lugar* la moción para que se dictara sentencia sumaria presentada por los demandantes y resolvió que la calificación de los terrenos como Bosque y Suelo Rústico Especialmente Protegido, adoptada en el Plan Territorial del Municipio de Guánica en el 2010, constituyó una incautación *ad perpetuam* de la propiedad, sin que el ELA ni el Municipio de Guánica hubiesen compensado la pérdida sufrida a los demandantes.

En su dictamen, el TPI consignó que no existía controversia sobre los siguientes hechos:

1. La parte demandante es dueña en pleno dominio de la finca objeto de la presente demanda, que se describe a continuación:

   "RUSTICA: Porción de terreno situada en los barrios Segunda Ensenada y Hato del Pastillo del término Municipal de GUÁNICA, Puerto Rico. Tiene una cabida superficial de 125.7642 Cuerdas, o sea, 494,302.7745 METROS CUADRADOS. Colindando por el NORTE, con terrenos de Eduardo Quiñones y Martorell, antes, luego Delfín Rodríguez Favale; por el SUR, con el Mar Caribe; por el SALIENTE, con el mismo Mar; por el PONIENTE; con terrenos de Eugenia Quiñones Martorell, antes, luego las colindancias fueron: NORTE, Delfín Rodríguez Favale; por el SUR, con el Mar Caribe; Por el Este, con el mismo Mar; y por el Oeste, con la finca B, o sea, terrenos de la misma finca de la cual se segrega, pertenecientes ahora a los comparecientes Isabel Janira Quiñones Rivera y Flor de María Quiñones Rivera".----------------------------------------------------
   ------- Inscrita al folio 216 de tomo 72 de Guánica, finca 2358 inscripción 1ra. ----------------------------

2. Según los mapas de zonificación de la Junta de Planificación adoptados mediante la Resolución 94-006-JP- ZIT, de 16 de marzo de 1994, el predio antes descrito estaba calificado como Desarrollo Turístico Selectivo (DTS).
3. El 19 de febrero de 2010 la Legislatura Municipal del Municipio de Guánica aprobó el Plan de Ordenamiento Territorial del Municipio de Guánica (Plan Territorial) mediante la Ordenanza Municipal Núm. 28, Serie 2009-2010.
4. Dicho Plan Territorial, entre otras cosas, reclasificó la zonificación del terreno perteneciente a la parte demandante de una clasificación Desarrollo Turístico Selectivo (DTS) a una de **Bosque (BQ)** y bajo la clasificación de **Suelo Rústico Especialmente Protegido (SREP)**.
5. El 13 de abril de 2010 la Junta de Planificación aprobó el Plan Territorial sometido por el Municipio de Guánica.

6. El 2 de junio de 2010, el entonces gobernador de Puerto Rico aprobó el Plan Territorial del Municipio de Guánica mediante Orden Ejecutiva Número OE-2010-025.

7. Para el 1984 el terreno en controversia estaba clasificado como R-O y se aprobó el desarrollo preliminar de un proyecto residencial turístico vacacional y marina. Tal consulta fue aprobada por la JP, pero caducó.

8. Posterior al 2010, cuando fue calificada la propiedad de la parte demandante como B-Q y SREP, la parte demandante no ha realizado ninguna gestión para el desarrollo de su propiedad.

9. Para la fecha en que los demandantes presentaron la presente demanda sobre expropiación a la inversa, PR Recovery And Development JV, LLC y/o PR Recovery And Development REO, LLC era acreedor hipotecario en virtud de varias hipotecas que estaban registradas sobre la finca de los demandantes en el Registro de la propiedad.

10. Con fecha del 27 de agosto de 2024 el Registro de la Propiedad expidió Certificación Registral- TURNO DE CERTIFICACIÓN: 2024-022481- CERT- en la que Certificó que la propiedad objeto del presente litigio no está afecta a gravamen hipotecario alguno.

Inconformes con lo resuelto, el 2 de enero de 2025, tanto el Municipio de Guánica como la Junta solicitaron reconsideración. En su solicitud, el Municipio de Guánica reiteró que no ocurrió un "taking" y que los demandantes no tenían derecho a justa compensación pues no fueron privados del desarrollo de su terreno. Por su parte, la Junta alegó que la controversia no estaba madura o, en la alternativa, que estaba prescrita o, en la alternativa, que no se constituyó una incautación reglamentaria.

Sin embargo, tras examinar los escritos presentados, el foro apelado denegó ambas solicitudes de reconsideración mediante *Orden* emitida y notificada el 30 de enero de 2025.

En desacuerdo, el 31 de marzo de 2025, el Municipio de Guánica compareció ante este foro revisor mediante recurso de *Apelación* (KLAN202500261). En este alega que el foro primario cometió el siguiente error:

Erró el Honorable Tribunal de Primera Instancia al resolver que existe una expropiación a la inversa o "taking" aun cuando el demandante puede desarrollar su propiedad con el cambio de zonificación.

En la misma fecha, la Junta acudió ante este foro revisor mediante recurso de *Apelación* (KLAN202500262) señalando los siguientes errores:

Erró el foro *a quo* al emitir una sentencia nula, toda vez que fue dictada en ausencia de parte indispensable.

Erró el foro *a quo* al dictar sentencia de expropiación en contra de una agencia a la cual la Asamblea Legislativa no le delegó el poder de expropiar ni adquirir propiedades.

Erró el foro *a quo* al emitir una sentencia en un pleito que no está maduro.

Erró el foro *a quo* al determinar que la calificación de los terrenos aquí en controversia como Bosque y como Suelo Rústico Especialmente Protegido prohíbe de su faz todo uso productivo de la propiedad, por lo que no rinde beneficio económico alguno a la parte demandante.

Erró el foro *a quo* al determinar que la calificación como Bosque de la propiedad de los demandantes sin destinarla a ningún uso público equivale a una incautación *ad perpetuam*, sin que el ELA ni el Municipio hayan compensado la perdida sufrida.

Erró el foro *a quo* al determinar que en el presente caso no se justificaba agotar los remedios ante las agencias concernidas.

Erró el foro *a quo* al disponer de la controversia utilizando como fundamento definiciones y expresiones generales de política pública, pasando por alto las reglas normativas contenidas en los reglamentos de zonificación o calificación junto con los mapas o planos de zonificación o calificación, que son los que constituyen los elementos normativos específicos.

Erró el foro *a quo* al emitir una sentencia que enmienda la política pública formulada por la Junta de Planificación sobre los usos permitidos en los distintos distritos de calificación.

Erró el foro *a quo* al disponer del caso por la vía sumaria cuando persisten múltiples controversias de hechos materiales.

El 24 de abril de 2025, el ELA, por conducto de la Oficina del Procurador General, presentó *Escrito del Gobierno de Puerto Rico*.

Posteriormente, el 9 de mayo de 2025, los demandantes presentaron su posición sobre el recurso instado por el Municipio de Guánica mediante *Alegato de la Parte Demandante Apelada.* Además, el 13 de mayo de 2025, también replicaron al recurso instado por la Junta mediante *Alegato de la Parte Demandante Apelada.*

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

**II.**

**A.**

El Art. II, Sec. 7 de la Carta de Derechos de la Constitución de Puerto Rico, establece el derecho fundamental del ser humano al disfrute de la propiedad.

Como se sabe, el derecho al disfrute de la propiedad, aunque fundamental, no es uno absoluto y, en aras del bienestar general, la Asamblea Legislativa puede establecer limitaciones a dicho derecho. Una de ellas es el poder de expropiación que posee el Estado para despojar a una persona de propiedad privada; potestad que se le reconoce como atributo consustancial de su soberanía. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 424 (2008); *Culebra Enterprises Corp. v. ELA,* 127 DPR 943, 952 (1991).

Para poder ejercer esta facultad, el Estado, tiene que cumplir con el mandato constitucional de expropiar para uso o fin público y pagar por ella una justa compensación a la parte demandada. Art. II, Sec. 9, Const. E.L.A., LPRA, Tomo 1. Del mismo modo, está obligado a proceder conforme al procedimiento establecido en la Ley de Expropiación Forzosa[2] y la Regla 58 de Procedimiento Civil, 32 LPRA Ap. V. Véase, además, *Mun. de Guaynabo v. Adquisición,* 180 DPR 206, 217 (2010); *Amador Roberts et als. v. ELA,* 191 DPR 268,

---

[2] Ley de Expropiación Forzosa del 12 de marzo de 1903, según enmendada, 32 LPRA sec. 2901 et seq.

278 (2014); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 425.

Es de señalar que en este procedimiento la parte demandada puede cuestionar el uso o fin público invocado por el Estado para esa propiedad, la justa compensación establecida, así como también está capacitado para reclamar los daños que la expropiación le produjo al remanente de la propiedad o como también se le conoce daños por desmembración. *ACT v. 780.6141m2*, 165 DPR 121, 133 (2005); *ELA v. Fonalledas Córdova*, 84 DPR 573, 589-590 (1962). Sin embargo, cuando se objeta la justa compensación y se solicita la indemnización de los daños al remanente, el peso de la prueba recae sobre el dueño de la propiedad. Íd.

Ahora bien, no empece a las obligaciones que se le exige al Estado, existen ocasiones en que este ocupa físicamente la propiedad, se incauta de un derecho real o impone restricciones mediante reglamentación sin haber presentado la correspondiente acción de expropiación y consignado la justa compensación. *Aner Investment Corp. v. JP*, 148 DPR 241, 248 (1999). Para estos casos excepcionales, la parte perjudicada, entiéndase el propietario o titular, tiene a su haber la causa de acción de la expropiación forzosa a la inversa para reclamarle por este medio al Estado la justa compensación a la que tiene derecho. Íd; *Culebra Enterprises Corp. v. ELA,* 127 DPR 943, 952-953 (1991).

Mediante dicha acción se garantiza el cumplimiento del Estado con las disposiciones constitucionales que establecen que nadie será privado de su propiedad sin un debido proceso de ley y sin haber mediado justa compensación. *Amador Roberts v. ELA*, supra, pág. 279. A su vez, bajo este procedimiento, la parte demandante puede no solo reclamar que el Estado le pague por ella la justa compensación, sino también una indemnización por los

daños y perjuicios derivados de la incautación física o reglamentaria de su propiedad. *Aner Investment Corp. v. JP,* supra, pág. 248.

Desde una perspectiva procesal, la acción a la inversa debe presentarse en la sala a la que corresponda la competencia territorial del terreno afectado, según se establece en las Reglas de Procedimiento Civil. 32 LPRA Ap. V. Una vez presentada la acción, el propietario deberá demostrar que el Estado ha ocupado o incautado su propiedad y litigará la existencia del uso público y la justa compensación en la misma forma y manera que estas cuestiones se dilucidan en la acción de expropiación forzosa. Íd.; citando a su vez, *E.L.A. v. Northwestern Const.*, Inc., 103 DPR 377, págs. 383-384 (1975).

Sin embargo, la acción de expropiación a la inversa no pretende hacer del Estado un comprador involuntario de la propiedad e investirse con el título absoluto de dominio de la propiedad como, de ordinario, ocurre en la acción de expropiación iniciada por el Estado. Si se demuestra que el Estado incautó una propiedad, la obligación del Estado es compensar al propietario y colocarlo en una situación económica equivalente a la que se encontraba con anterioridad a la incautación de su propiedad. En cuyo caso, el Estado puede optar por expropiar la propiedad o liberarla, e indemnizar al propietario por el tiempo en que la propiedad permaneció afectada. *Hampton Development Corp., v. ELA,* 139 DPR 877, 890 (1996).

**B.**

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V, R. 36. El propósito principal de este mecanismo procesal es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Banco Popular de Puerto*

*Rico v. Cable Media of Puerto Rico, Inc. y otro*, res. el 7 de enero de 2025, 2025 TSPR 1; *Serrano Picón v. Multinational Life Ins*, 212 DPR 981 (2023).[3] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023).

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, supra, págs. 213-214, seguido en *Meléndez González v. M. Cuebas*, supra, pág. 110.

Nuestro ordenamiento civil y su jurisprudencia interpretativa dispone que se deben cumplir unos requisitos de forma los cuales deben satisfacerse al momento de presentar una solicitud de sentencia sumaria. Estos requisitos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en

---

[3] Véase, además: *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *Ferrer et. al. v. PRTC*, 209 DPR 574, 580-581 (2022); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria, (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del Tribunal; (5) las razones por las cuales se debe dictar sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". La Regla 36.5 de Procedimiento Civil, dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento, deberá dictarse sentencia sumaria en su contra. 32 LPRA Ap. V, R. 36.5; *Ramos Pérez v. Univisión*, supra, págs. 215-216.

La Regla 36.4 de Procedimiento Civil, establece que, si no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la moción de sentencia sumaria, y por tanto, es necesario celebrar juicio, será obligatorio que el

Tribunal en su dictamen determine los hechos esenciales sobre los cuales no haya controversia sustancial y aquellos que sí se encuentran genuinamente en controversia. 32 LPRA Ap. V, R.36.4.

Cónsono con lo anterior, nuestro estado de derecho le impone y exige al TPI, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de sentencia sumaria. *Meléndez González v. M. Cuebas,* supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 913-914 (1994).

Por último, en *Meléndez González v. M. Cuebas,* supra, el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La tarea de adjudicar los hechos relevantes y esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo,* 161 DPR 308, 334 (2004). Nuestro Más Alto Foro ha pautado que este Tribunal de Apelaciones se encuentra en la misma posición que el

Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, págs. 118-119. Es decir, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Íd.*

### III.

### KLAN202500262:

Por su estrecha relación, discutiremos de forma conjunta los primeros dos errores señalados por la parte apelante.

En su primer señalamiento de error, la Junta sostiene que incidió el foro *a quo* al emitir una sentencia nula, toda vez que fue dictada en ausencia de parte indispensable. Asimismo, mediante el segundo error, arguye que erró el foro primario al dictar sentencia de expropiación en contra de una agencia a la cual la Asamblea Legislativa no le delegó el poder de expropiar ni adquirir propiedades.

En su recurso, afirma la parte apelante que el foro primario determinó que la Junta poseía capacidad jurídica para representar al ELA en una acción de expropiación por incautación reglamentaria. Sobre este particular, puntualiza que el pleito de autos no versaba sobre un asunto relacionado a lograr el cumplimiento de su ley orgánica ni de ninguna otra bajo su jurisdicción. Añade que no posee la facultad de adquirir propiedades, ya sea por expropiación o por cualquier otro medio y aduce que, en virtud de ello, no podía comparecer al tribunal a dilucidar controversias relacionadas a sus responsabilidades como instrumentalidad del ELA. También, manifiesta que los demandantes únicamente presentaron una causa de acción contra el ELA y el Municipio de Guánica. Por lo que, concluye que, en la medida que el Departamento de Justicia es la entidad encargada de representar al ELA, el pleito no podía adjudicarse sin su comparecencia.

De otro lado, la parte apelada aduce que no existe falta de parte indispensable pues las partes contra las cuales se dictó sentencia, a saber, el Municipio de Guánica y el ELA, fueron emplazadas y comparecieron en el pleito. En ese sentido, arguye que el ELA y el Municipio de Guánica tenían el poder de expropiar y que, fue a ellos a quien el tribunal ordenó y responsabilizó por la expropiación y el pago de la justa compensación. Así pues, reitera que el tribunal ya había resuelto que la Junta no tenía capacidad legal distinta y separada a la del ELA e indica que el foro primario no realizó determinación alguna en contra de la Junta.

Luego de un análisis concienzudo de los hechos particulares del caso y de los argumentos presentados por las partes en sus respectivos escritos y a la luz del derecho expuesto, colegimos que no se cometieron los errores señalados.

Surge del dictamen apelado, que el foro primario aclaró que, la Junta no figuró como parte demandada en el pleito, sino que compareció en este de forma voluntaria. Además, consignó que el ELA había sido emplazado conforme a derecho y que la Junta era una instrumentalidad del ELA, sin capacidad jurídica distinta, pero con capacidad para acudir a los tribunales en ciertas circunstancias.

Cónsono con lo anterior, entendemos que no se sostiene el argumento de la parte apelante en cuanto a que la sentencia fue dictada en ausencia de parte indispensable. Un análisis del expediente del caso refleja que el ELA fue emplazado a través del Secretario de Justicia y que, aun cuando el Departamento renunció a la representación legal de la Junta, aclaró que continuaría la representación del ELA. Asimismo, de la *Sentencia Parcial* apelada se desprende que el foro de instancia únicamente tomó una determinación en contra del ELA y del Municipio de Guánica. Por lo que tampoco se cometió el segundo error señalado por la Junta.

Ahora bien, por tratarse de un asunto medular para la correcta disposición del recurso ante nuestra consideración, procederemos a discutir el noveno señalamiento de error de la parte apelante.

Mediante el mismo, la Junta sostiene que erró el foro *a quo* al disponer del caso por la vía sumaria cuando persistían múltiples controversias de hechos materiales. En ese sentido, aduce que los únicos hechos materiales sobre los cuales no existía controversia eran: 1) que la parte apelada era dueña de una porción de terreno situada en los barrios Segunda Ensenada y Hato del Pastillo del Municipio de Guánica y; 2) que el Plan Territorial de dicho municipio cambió la calificación de Desarrollo Turístico Selectivo a Bosque. A su vez, manifiesta que la parte apelada no presentó prueba que estableciera la denegación de todo uso productivo del terreno, de forma que se pudiera determinar si hubo una incautación. Por lo que afirma que los hechos propuestos por los demandantes, aquí parte apelada, no eran suficientes para sustentar una sentencia sumaria por incautación reglamentaria y concluye que existía controversia sobre un hecho material y esencial que impedía la resolución sumaria del pleito.

De otra parte, la parte apelada, sostiene que no existían controversias materiales de hechos y, en ese sentido, señala que la Junta no controvirtió hecho alguno en su escrito en oposición a la solicitud de sentencia sumaria. Manifiesta además que el foro de instancia, luego de estudiar el Plan de Terrenos del Municipio de Guánica y el derecho aplicable determinó, como única controversia de derecho, que el cambio de la calificación de Desarrollo Turístico Selectivo a una de Bosque constituyó una expropiación de la finca de los demandantes.

Por tratarse de una sentencia sumaria, esta Curia debe evaluar *de novo* las solicitudes a favor y en contra de tal proceder,

en unión a la documentación que surge del expediente. Adelantamos que, luego de un análisis detenido del expediente, así como de la normativa aplicable, concluimos que incidió el foro primario al conceder el remedio sumario en cuestión. Por tanto, se cometió el error señalado. Veamos.

Según expuesto anteriormente, la parte apelada en su solicitud de sentencia sumaria parcial adujo que tras adoptarse la reglamentación que calificó su terreno como Bosque y bajo la clasificación de Suelo Rústico Especialmente Protegido, se prohibió de su faz todo uso productivo de su propiedad de manera *ad perpetuam*, constituyendo una incautación reglamentaria sin pagar una justa compensación. Empero, para fundamentar el hecho propuesto, la parte apelada utilizó una sentencia emitida por este foro intermedio en otro caso, con unos hechos y circunstancias distintas a las del presente caso.[4]

Ahora bien, la Junta en su escrito en oposición controvirtió los hechos propuestos por los demandantes al oponer que la calificación actual de la propiedad no ha afectado al grado de prohibir todo uso productivo de esta. En ese sentido, la Junta incluyó prueba documental a los efectos de clarificar que existen guías de los tipos de usos y construcciones que se pueden llevar a cabo en esta zona y añadió que, por vía de consulta de uso, se pueden realizar excepciones y variaciones.

A esos fines, no podemos pasar por alto que nuestro más Alto Foro ha resuelto que, en los casos de propiedades afectadas por zonificación, no se activa el derecho a una justa compensación solo porque la reglamentación impida el uso óptimo o más productivo de

---

[4] Cabe destacar que, la situación de autos es distinguible de la situación de hechos contemplada en el KLAN201401033. Ello pues surge de la referida Sentencia que las partes realizaron trámites adicionales con el propósito de que se revirtiera la calificación de su predio y fue la propia Junta de Planificación quien determinó que los terrenos exhibían las mismas características de flora y fauna del Bosque Seco de Guánica.

la propiedad. *Arenas Procesadas, Inc. v. ELA*, 132 DPR 593, 605 (1993). Para invocar el derecho a una justa compensación por una acción gubernamental, se requiere que la actividad en cuestión prive al propietario de todo uso productivo o beneficioso de la propiedad. *Íd.* Véase, además, *Torres Marrero v. Alcaldesa Ponce*, 199 DPR 493 (2017).

Así pues, somos del criterio de que se cometió el error señalado por la Junta ya que persisten múltiples controversias sobre hechos materiales. Ello pues se desprende que la parte apelada no anejó a su solicitud de sentencia sumaria evidencia documental suficiente para probar cada uno de los hechos propuestos, por lo que no logró demostrar que existían hechos materiales incontrovertidos que permitieran que el TPI dispusiera del asunto de forma sumaria.

Siendo así, el foro primario no podía disponer de la controversia por la vía sumaria.

Por motivo de que procede que se revoque la *Sentencia Sumaria Parcial* apelada, se torna innecesaria la discusión de los señalamientos de error, 3, 4, 5, 6, 7 y 8.

**KLAN202500261:**

Como único señalamiento de error, plantea el Municipio de Guánica que erró el Honorable Tribunal de Primera Instancia al resolver que existía una expropiación a la inversa o "taking" aun cuando los demandantes podían desarrollar su propiedad con el cambio de zonificación. Sin embargo, por haber dispuesto, mediante el recurso **KLAN202500262**, que procede que se revoque la sentencia apelada por existir hechos materiales en controversia, se torna innecesaria la discusión de este señalamiento de error.

**IV.**

Por los fundamentos antes esbozados, ***revocamos*** la *Sentencia Parcial* notificada el 17 de diciembre de 2024 por el

Tribunal de Primera Instancia, Sala Superior de Ponce. Se devuelve el caso al foro de instancia para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria. La jueza Rivera Marchand concurre con el resultado sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones